## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEVONTA COTTON, #85436,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 21-cv-00088-JPG |
| | ) |
| **RACHELLE BRAUN** | ) |
| **and M. DAMBACHER,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Devonta Cotton, a pretrial detainee at Madison County Jail who is temporarily housed at Alton Law Enforcement Center, brings this action *pro se* pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that Nurse Practitioner Dambacher and Nurse Braun denied him dental care for a cavity and dental pain during his temporary detention at Alton Law Enforcement Center. (Doc. 1, p. 6). When he asked to see a dentist, Nurse Practitioner Dambacher agreed to schedule an appointment, but Nurse Braun informed Plaintiff that dental appointments are not authorized for detainees. Plaintiff was never scheduled for an appointment. He instead endured prolonged dental pain that was unresponsive to antibiotics and exacerbated by dental wax provided by Defendants. He now seeks money damages for violations of his rights under the Fourteenth Amendment Due Process Clause. (*Id*. at 7).

The Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief

1

must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations summarized above, the Court designates a single claim in the *pro se* Complaint:

> **Count 1:** Fourteenth Amendment claim against Nurse Braun and Nurse Practitioner Dambacher for denying Plaintiff adequate dental care for a cavity and dental pain during his temporary detention at Alton Law Enforcement Center.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

The Complaint supports a Fourteenth Amendment due process claim against Nurse Braun and Nurse Practitioner Dambacher. The allegations suggest that these defendants acted knowingly or purposefully, and in an objectively unreasonable manner, when they denied Plaintiff's requests for dental care for his cavity and related dental pain. *See McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted) (articulating applicable legal standard for medical claim brought by pretrial detainee). Count 1 survives screening against both defendants.

## Disposition

**IT IS ORDERED** that **COUNT 1** survives screening against Defendants **BRAUN** and **DAMBACHER** in their individual capacities.

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**Because Count 1 arises from the alleged denial of dental care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **BRAUN** and **DAMBACHER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/2/2021**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.