IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVONTA COTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-CV-00088-MAB |
| | ) |
| RACHELLE BRAUN AND M. DAMBACHER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on two motions to dismiss for lack of prosecution filed by Defendants (Docs. 39, 42). For the reasons set forth below, the motions are **GRANTED** and this this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## FACTUAL BACKGROUND

Plaintiff Devonta Cotton, an inmate with the Illinois Department of Corrections ("IDOC") at Stateville Correctional Center ("Stateville"), filed this *pro se* lawsuit under 42 U.S.C. § 1983 on January 22, 2021 due to alleged constitutional violations that occurred while he as a pretrial detainee at Madison County Jail temporarily housed at Alton Law Enforcement Center (Docs. 1, 7). Plaintiff alleged that during his detention, Defendants Dambacher and Braun, two medical professionals, denied him dental care for a cavity

and dental pain while he was detained at Alton Law Enforcement Center (Doc. 7, p. 1). After a threshold review, pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on one Fourteenth Amendment claim against Nurse Braun and Nurse Practitioner Dambacher for denying him adequate dental care for a cavity and dental pain during his temporary detention at Alton Law Enforcement Center (Doc. 7, p. 2).

On September 30, 2021, Defendant Braun filed a motion to compel, detailing that Plaintiff failed to respond to discovery sent to him on July 16, 2021 (Doc. 32, p. 1). Defendant Braun detailed that she followed up on September 8, 2021 and Plaintiff still failed to respond to the discovery requests (*Id.* at p. 2). On November 15, 2021, mail sent to Plaintiff was returned to the Court as undeliverable (Doc. 37). Soon after, the Court learned that Plaintiff had been transferred to Stateville from Madison County Jail. The Court then held a hearing on this motion to compel on November 18, 2021, during which the Court granted Defendant Braun's motion to compel and instructed Plaintiff to respond to the discovery on or before January 18, 2022 (Doc. 38).

On March 14, 2022, Defendant Braun filed a motion to dismiss for lack of prosecution (Docs. 39, 40). In the motion, Defendant Braun details that despite the Court's November 18, 2021 Order instructing Plaintiff to respond to discovery requests on or before January 18, 2022, Plaintiff once again failed to respond (Doc. 39, p. 2). Defendant Braun requested the Court to dismiss this case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) (*See generally* Doc. 39).

Plaintiff did not respond to Defendant Braun's motion to dismiss by the April 13, 2022 deadline, so the Court entered an Order to Show Cause, instructing Plaintiff to

respond to the motion to dismiss and explain why this case should not be dismissed for lack of prosecution by May 23, 2022 (Doc. 41). The Court explicitly warned Plaintiff that should he fail to respond, the Court would grant the motion to dismiss for lack of prosecution. *Id.* Plaintiff did not file a response by May 23, 2022. On May 17, 2022, Defendant Dambacher filed her own motion to dismiss for lack of prosecution (Doc. 42). In this motion, Defendant Dambacher outlines that she served her own discovery requests on Plaintiff on the same days at Defendant Braun and like Defendant Braun, had not received anything from Plaintiff, even after the Court's November 2021 hearing and Order (Doc. 42, pp. 1-2). Like Defendant Braun, Defendant Dambacher requests the Court the dismiss this case in its entirety for failure to prosecute. Plaintiff's response to Defendant Dambacher's motion to dismiss was due on or before June 16, 2022. To date, Plaintiff has filed nothing in response to Defendants Braun and Dambacher's motions to dismiss (Docs. 39, 42).

## ANALYSIS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d

1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with Court-imposed deadlines or communicating with the Court. Plaintiff has repeatedly failed to comply with Court Orders. Plaintiff was instructed of his continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address on February 2, 2021 (Doc. 7, p. 4). Plaintiff was warned that the Court would not independently investigate his whereabouts and if he failed to comply with this Order outlining his obligation, the Court could dismiss this entire case for want of prosecution. *Id.*, citing FED. R. CIV. P. 41(b). Plaintiff never filed anything on the docket to indicate he was moved from Madison County to Stateville; rather, the Court was informed by Madison County themselves after mail was returned as undeliverable (Doc. 37). Similarly, Plaintiff was directed to respond to discovery requests, but failed to respond by the deadline despite being warned of the consequences. *See* Docs. 38, 41. Plaintiff was also directed to respond to Defendant Braun's motion to dismiss (Doc. 41). To date, Plaintiff has filed nothing in response to the April 2022 Show Cause Order or Defendants' motions to dismiss (Docs. 39, 41, 42).

The Court noted that instead of responding to the Court's Show Cause Order, Plaintiff could simply file a response to the motion to dismiss (Doc. 41). It has been over three months since Defendant Braun filed her motion to dismiss and over two months since Plaintiff's response was due (Docs. 39, 41). It has also been more than two months

since the Court entered its Show Cause Order with no response from Plaintiff (Doc. 41). It has been more than one month since Plaintiff's response to Defendant Dambacher's motion to dismiss was due[1] (Doc. 42) and approximately seven months since the Court granted Defendant Braun's motion to compel and instructed Plaintiff to respond to Defendants' discovery requests (Doc. 38). Plaintiff has failed to respond to the pending motions and discovery requests. Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Accordingly, Defendants' motions to dismiss for failure to prosecute are GRANTED and this action will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (affirming the district court's decision to dismiss as case for failure to prosecute its case or abide by the court's orders and noting the court's inherent "authority under Federal Rule of Civil Procedure 41(b) to enter a *sua sponte* order of dismissal for lack of prosecution.").

## Conclusion

This case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). Defendants' motions to dismiss (Docs. 39, 42) are **GRANTED**. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

---

[1] The Court did not issue a separate Order to Show Cause regarding Plaintiff's failure to respond to Dambacher's motion to dismiss because Plaintiff has been more than adequately warned about the consequences of failing to respond to motions and failing to comply with Court ordered deadlines (*See* Docs. 38, 41).

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: July 6, 2022**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**
